UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12cv1047-MHT-TFM |
| | ) | [wo] |
| HOUSTON COUNTY HEALTH CARE | ) | |
| AUTHORITY d/b/a Southeast | ) | |
| Alabama Medical Center, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Upon consideration of Defendant's *Joint Motion for Protective Order* (Doc. 101, filed February 28, 2014) and the proposed order of both parties, it is

**ORDERED** that the *Joint Motion for Protective Order* (Doc. 101) is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

Pursuant to the Court's *Memorandum Opinion and Order* (Doc. 100), the parties, by and through counsel, have stipulated and agreed that the health care providers of the plaintiff, Courtney McBride, are authorized to produce in this litigation documents and information pertaining to the psychiatric, psychological, and/or mental health care and treatment of Ms. McBride, and that such documents and information are discoverable. The parties acknowledge, however, that documents and information pertaining to said care and treatment may be confidential in nature and that a designation of "Confidential Information" shall be

applied to any such documents and information. It is therefore Ordered that any Confidential Information produced, disclosed, exchanged, or used in this action shall be treated as confidential and shall be utilized solely in connection with the above-captioned action by and between:

(1) The Court, Court personnel and, if applicable, the Jury;

(2) The parties and their attorneys of record, other attorneys acting "of counsel" for the parties in this action provided said attorneys are shown a copy of this Order and agree to be bound by same, and persons employed in said attorneys' offices who likewise are shown a copy of this Order and agree to be bound by same;

(3) Other persons retained in this action to assist in the prosecution or defense of this action, including witnesses, experts and persons employed and affiliated with such experts, provided that said persons are shown a copy of this Order and agree to be bound by same; and

(4) Other persons in furtherance of this litigation provided that said persons are shown a copy of this Order and agree to be bound by same.

Nothing in this Order constitutes an admission or agreement that any document or information, or portion thereof, is admissible as evidence in this case, and nothing in this Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the trial of, this action.

Confidential Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving

party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

Within thirty (30) days after the conclusion of this action, by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Confidential Information and all copies thereof which are in the possession, custody or control of the parties or their attorneys shall be returned to the attorneys for the opposing party upon request by counsel for the opposing party. If such documents are not requested to be returned, all documents or other items constituting or containing Confidential Information and all copies thereof shall be destroyed by the party in possession of the documents in accordance with normal document destruction policy.

DONE this 7th day of March, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE