UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY MCBRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:12cv1047-MHT-TFM |
| ) | [wo] |
| HOUSTON COUNTY HEALTH CARE ) | |
| AUTHORITY d/b/a Southeast ) | |
| Alabama Medical Center, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion to Compel Production of Personnel File of Defendant Dinesh Karumanchi and Deposition of Corporate Representative of Defendant Houston County Healthcare Authority* (Doc. 145, filed July 14, 2014).

### **I.   DISCUSSION**

**A.   Personnel File**

On July 14, 2014, Plaintiff Courtney McBride ("McBride" or "Plaintiff") filed a motion requesting that this Court compel the production of Defendant Dinesh Karumanchi, M.D.'s ("Dr. Karumanchi") personnel file.  *See* Doc. 145 at 3.  McBride asserts that she believes there are three pieces of relevant information in Dr. Karumanchi's personnel file: 1) information that is relevant to her negligent hiring, training, supervision and retention claim against Houston County Healthcare Authority; 2) information on Dr. Karumanchi's treatment of McBride; and 3) information regarding Dr. Karumanchi's separation from employment with Houston County Healthcare Authority.  *Id.*

Defendants contend that McBride has "not alleged specifically that SAMC negligently hired, trained, supervised, or retained Dr. Karumanchi," and that all that was pled in her complaint was a claim against SAMC for "fail[ing] to hire, train, supervise, and retain *staff*." *See* Doc. 161 at 2. Defendants argue that § 6-5-551 of the Alabama Medical Liability Act ("AMLA") requires the complaint to contain a much more detailed and fact specific allegation, and simply stating a claim for "staff" is too vague and does not comply with the specificity required under the AMLA. *See* Doc. 161 at 2-3 (citing Ala. Code § 6-5-551).[1] Additionally, Defendants argue that there is nothing in Dr. Karumanchi's personnel file that is relevant to the claims of this case, and the specific information McBride seeks is readily obtainable through other avenues. *See* Doc. 161 at 2-4. Finally, Defendants argue that McBride is barred by Alabama and federal law from reviewing any information that pertains to Dr. Karumanchi's quality assurance credentialing or similar reviews. *See* Doc. 161 at 5.

The discovery provision under the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [ . . . ]. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). Although the Middle District has held that there is a "strong public policy against discovery of personnel files," the court in *Coker* stated that the

---

[1] For the purposes of this motion, the Court assumes *arguendo* that McBride has sufficiently pled a claim for the negligent hiring, training, supervision, and retention, and will address the underlying issues within the motion.

discovery of a personnel file is permissible only if "(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable."  *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) (quoting *Cooperman v. One Bancorp*, 134 F.R.D. 4 (D.Me.1991)).

On July 30, 2014 this Court held oral argument on the motion.  *See* Doc. 176.  In the hearing, McBride stated that she seeks Dr. Karumanchi's file for the purpose of determining if any investigation was conducted or disciplinary action was taken due to Dr. Karumanchi's treatment of McBride; if there are records of Dr. Karumanchi attending any training or continuing education courses related to Lamictal, Stevens-Johnson Syndrome, or Toxic Epidermal Necrolysis; and the basis of Dr. Karumanchi's separation from Southeast Alabama Medical Center ("SAMC").

Although it is arguable that the information which McBride seeks is relevant under the first prong set forth in *Coker*, the Court finds that McBride's motion is due to be denied because the information is either not discoverable, or fails to meet the second prong in *Coker*.  First, McBride seeks Dr. Karumanchi's personnel file to determine if there was any investigation or disciplinary action taken against him with regards to his treatment of McBride.  Under both Alabama and federal law, the information McBride currently seeks is protected.  *See* ALA. CODE § 6-5-333 ("The records and proceedings of any such [peer review or a utilization and quality control committee or professional standards review committee or a similar committee or a committee of similar purpose] shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records nor be available for court

subpoena or for discovery proceedings."); *and* 42 U.S.C. 11101 ("There is an overriding national need to provide incentive and protection for physicians engaging in effective professional peer review."). Thus, the Court finds that any information contained in Dr. Karumanchi's personnel file which relates to any investigation or disciplinary action is not discoverable.

Next, McBride seeks Dr. Karumanchi's personnel file to get information on any training or continuing education courses he may have taken that are related to Lamictal, Stevens-Johnson Syndrome, or Toxic Epidermal Necrolysis. The Court finds that this information is clearly discoverable by less invasive means. First, if the plaintiff wishes to seek information on the training or continuing education courses that Dr. Karumanchi attended, there is nothing that has prevented her from requesting such information through interrogatories or requests for production. Previously, McBride propounded interrogatories and requests for production seeking the names of all studies, papers, treatises, text books, articles, etc., upon which Dr. Karumanchi has relied for his knowledge on Lamictal. *See* Doc. 83 at 2-5. Nothing has prevented McBride from similarly propounding an interrogatory or request for production relating to any training or continuing education courses Dr. Karumanchi has attended. Additionally, McBride deposed Dr. Karumanchi on September 18, 2013 which provided yet a second opportunity for McBride to seek this information. Thus, the Court finds that McBride cannot overcome the second prong in *Coker* because the information she seeks is readily obtainable by less invasive means.

Finally, McBride seeks Dr. Karumanchi's personnel file to discover the basis for his

separation from SAMC. The Court finds that this information is also clearly discoverable by less invasive means, and in fact, was discussed in Dr. Karumanchi's deposition. On September 18, 2013, McBride deposed Dr. Karumanchi and specifically asked "[h]ow did your employment come to an end with Southeast Alabama Medical Center?" *See* Doc. 160-2 at 4. Dr. Karumanchi responded that "[i]t came on good terms." *Id.* McBride then asked "[w]ell, did you resign, were you terminated? What was the nature of the departure?" *Id.* Dr. Karumanchi responded that he resigned and took a different job, and after being questioned further, he explained that his employment with SAMC was in an outpatient setting, and his new employment with the Veterans Affairs Clinic is an inpatient setting which no longer requires him to be on call week nights and weekends. *Id.* Thus, the Court concludes that McBride received a full and fair answer to her questions. Her dislike of the information provided does not provide the Court justification to compel Dr. Karumanchi's personnel file. Furthermore, McBride has failed to offer any evidence that Dr. Karumanchi's answers on the subject were in any way untruthful or untrustworthy. Therefore, the Court finds that McBride cannot overcome the second prong in *Coker* because the information she seeks is not only readily obtainable by less invasive means, but has indeed already been obtained.

**B.     Corporate Representative**

McBride moves this Court to compel Houston County Healthcare Authority "to produce a corporate representative for deposition." *See* Doc. 145 at 1. On April 3, 2014, McBride served Defendants with a "Notice of Deposition of the Corporate Representative of Defendant;" however, to date, Defendants have objected to the notice and failed to

produce a corporate representative. *Id.*

Defendants argue that the request is "unduly and unreasonably duplicative of the substantial discovery that Plaintiff has already undertaken regarding the hospital." *See* Doc. 161 at 6. Specifically, Defendants note that Houston County Healthcare Authority has tendered eight employees for deposition (four emergency room nurses, a physician's assistant, two Behavioral Medical Unit nurses, and a hospitalist/physician), as well as the three physicians who are named defendants for deposition. *Id.* Additionally, Defendants have responded to multiple sets of interrogatories and requests for production. *Id.* Defendants aver that a substantial percentage of the topics attached to the notice of deposition were covered at length in the eleven prior depositions and discovery requests. *See* Doc. 161 at 6-7. Additionally, Defendants assert that McBride's notice implicates multiple units of the hospital. *See* Doc. 161 at 8. Specifically, during oral argument on the motion, Defendants stated that McBride was admitted to SAMC five different times by different departments. She also placed telephone calls into the call center. All of these contacts with SAMC are implicated in McBride's notice of deposition. Defendants assert that as a result, to comply with McBride's request, they would have to proffer approximately five corporate representatives from various departments; none of which would have any further information to offer than what has already been received through past discovery; thus, making the information duplicative. *See* Doc. 161 at 8-9.

Upon the Court's review of the Plaintiff's motion, the Defendants' response, and oral argument on the motion, the Court agrees with Defendants. Prior to the filing of the underlying motion, Plaintiff has conducted extensive discovery regarding the hospital, and

Defendants have asserted in good faith that any knowledge the corporate representatives may have would be duplicative of the discovery already obtained in this case. Requiring the Defendants to produce multiple corporate representatives across multiple departments would be unduly burdensome, especially in light of the parties' prior difficulties with scheduling depositions. Thus, the Court finds that Plaintiff's motion is due to be denied.

## II.   CONCLUSION

Accordingly, upon consideration of the motions, for the reasons as stated, and for good cause, it is ORDERED that Plaintiff's *Motion to Compel Production of Personnel File of Defendant Dinesh Karumanchi and Deposition of Corporate Representative of Defendant Houston County Healthcare Authority* (Doc. 145) be and is hereby DENIED.

DONE this 15th day of September, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE