IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
COURTNEY McBRIDE,          )
                           )
      Plaintiff,           )
                           )        CIVIL ACTION NO.
      v.                   )        1:12cv1047-MHT
                           )            (WO)
DINESH KARUMANCHI,         )
                           )
      Defendant.           )
```

OPINION AND ORDER

After nearly five hours of deliberations, the jury informed the court around 5:30 p.m. yesterday that it was unable to reach a verdict.  In response, the court this morning proposed giving a civil <u>Allen</u> charge from the Eleventh Circuit Court of Appeals' Pattern Jury Instructions to the jury.

Plaintiff Courtney McBride objected.  Specifically, she objected to the following paragraph:

> "If a substantial majority of you is
> for a verdict for one party, each of
> you who holds a different position
> ought to consider whether your
> position is reasonable. It may not be
> reasonable since it makes so little

> impression on the minds of your fellow
> jurors — who bear the same
> responsibility, serve under the same
> oath, and have heard the same
> evidence."

See Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2.8 (2013).  McBride's concern was that this paragraph is coercive upon the members of the jury that disagree with the substantial majority.

An Allen charge need only make clear to the jury that "(1) they are duty bound to adhere to honest opinions" and "(2) they are doing nothing improper by maintaining a good faith opinion even though a mistrial may happen."  Brooks v. Bay State Abrasive Products, Inc., 516 F.2d 1003, 1004 (5th Cir. 1975).[*]  This model instruction meets those requirements.  Indeed, the Eleventh Circuit has previously upheld an Allen charge with the paragraph to which McBride objects.  See Jones

---

[*]  Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, and all Former Fifth Circuit Unit B and non-unit decisions rendered after October 1, 1981. See Stein v. Reynolds Secur., Inc., 667 F.2d 33, 34 (11th Cir. 1982); Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

**v. Webb**, 516 Fed. App'x 762 (11th Cir. 2013) (giving a modified **Allen** charge but including the disputed paragraph).

Nevertheless, the court understands McBride's concerns. The pattern instruction suggests that the minority should reexamine its views without asking the majority to do the same. For comparison, the **Allen** charge in the criminal instructions asks both the majority and the minority to reexamine their views. **See** Eleventh Circuit Pattern Jury Instructions (Criminal Cases) T5 (2010). As such, the court modified the paragraph above to the following:

> "If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence. On the other hand, if you are part of that majority, you should ask yourselves again – and most thoughtfully – whether you should accept the weight and sufficiency of

3

> evidence that fails to convince your
> fellow jurors."

<u>See</u> Supplemental Jury Instructions (doc. no. 391).
Despite this change, McBride maintained her objection.
As the less balanced pattern instruction has been
upheld as non-coercive, this modified instruction that
asks all jurors to reconsider their viewpoints
certainly is not coercive.

***

Accordingly, it is ORDERED that plaintiff Courtney
McBride's oral objection to the civil <u>Allen</u> charge is
overruled.

DONE, this the 17th day of July, 2015.

<u>    /s/ Myron H. Thompson  </u>
UNITED STATES DISTRICT JUDGE