IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
COURTNEY McBRIDE,           )
                            )
     Plaintiff,             )
                            )      CIVIL ACTION NO.
     v.                     )        1:12cv1047-MHT
                            )             (WO)
DINESH KARUMANCHI,          )
                            )
     Defendant.             )
```

OPINION

The court recently concluded the trial of defendant Dinesh Karumanchi, the psychiatrist against whom plaintiff Courtney McBride brought a medical-malpractice claim. One threshold issue was how to instruct the jury regarding McBride's burden in medical-malpractice cases.

The court gave the following instruction, to which all parties agreed, as to the burden:

> "To recover damages on this claim McBride must prove to your reasonable satisfaction by substantial evidence all of the following elements ....
>
> [The court then listed the elements]

> "Reasonable satisfaction means that, in light of all the evidence, what McBride claims is more likely true than not.  So, if you could put the evidence favoring McBride and the evidence favoring Karumanchi on opposite sides of balancing scales, McBride needs to make the scales tip to her side.  If McBride fails to meet this burden, you must find in favor of Karumanchi.
>
> "Substantial evidence is that character of evidence that would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed."

See Court's Instructions to the Jury (doc. no. 390) at 6-7.

In light of the confusion over this standard in previous cases, this opinion explains why the court adopted this language.

I.

As explained at length in other opinions, the standard of proof currently applicable in Alabama medical-malpractice cases arose out of a "tort reform"

push by the Alabama Legislature in 1987.  <u>Edgeworth v. Family Chiropractic & Health Center, P.C.</u>, 940 So. 2d 1011 (Ala. 2006) (detailing history behind medical-malpractice burden of proof); <u>Hayes v. Lucky</u>, 33 F. Supp. 2d 987 (M.D. Ala. 1997) (Smith, J.) (same).  This push included two efforts: a general bill applicable to all civil tort actions and a separate medical-malpractice bill.  <u>Hayes</u>, 33 F. Supp. 2d at 990-91.  While it appears that the legislature would not have passed one bill without the other, the medical-malpractice bill "traveled a course quite distinct from the remainder of the tort reform package. ... Those who drafted the Medical Liability Act had little input from those who drafted the remainder of the package, and vice versa."  <u>Id</u>. (emphasis omitted).

    The differing language of the bills reveals these distinct courses.  Among other things, the general bill changed the summary-judgment requirement in Alabama.  Before 1987, a plaintiff needed to present only a

3

"scintilla of evidence" to reach the jury in the face of a motion for summary judgment; however, in 1987 the Alabama Legislature abolished this scintilla rule and replaced it with the "substantial evidence" requirement, stating,

> "In all civil actions brought in any court of the State of Alabama, <u>proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts</u>. Proof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court .... A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts."

1975 Ala. Code § 12-21-12 (emphasis added).

Like the more general act, the medical-malpractice act included a "substantial evidence" requirement, but the requirement appeared to go beyond the limited scope of rulings by the court on sufficiency of the evidence. It states:

4

> "In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, the plaintiff shall <u>have the burden of proving by substantial evidence</u> that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case .... "

1975 Ala. Code § 6-5-548 (emphasis added).

The differing use of "substantial evidence" between the general bill and the medical-malpractice bill spawned confusion about whether "substantial evidence" was confined to a question for the judge on a motion testing the sufficiency of the evidence, such as a motion for summary judgment or judgment as a matter of law, or should be part of an instruction that should be read to the jury.

There was also confusion over the definition of substantial evidence. The general reform bill defines substantial evidence as "evidence of such quality and

5

weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." 1975 Ala. Code § 12-21-12. Rather than using the general bill's definition of substantial evidence for the medical-malpractice bill, the legislature instead chose to look to the Supreme Court of Washington, which defines substantial evidence as "that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." 1975 Ala. Code § 6-5-542(5); see also Edgeworth, 940 So. 2d at 1014.

In Clements v. Dr. John Alvan Stewart, P.C., 595 So. 2d 858, 861 (Ala. 1992), the Alabama Supreme Court clarified that the two definitions of "substantial evidence" in the general bill and the medical-malpractice bill are a "distinction without a difference" and that a court may use either definition

6

when instructing a jury. That ruling continues to be good law.

Nevertheless, in the context of the general bill, substantial evidence clearly points to a question of law for the judge to decide in determining whether a case should reach a jury. As discussed above, the legislature replaced the scintilla standard for summary judgment in all tort cases with the substantial-evidence standard, requiring "real, material, not seeming or imaginary" evidence for a case to get to the jury. See Ex Parte Gradford, 699 So. 2d 149, 151-152 (Ala. 1997); see also id. (finding, in a general tort case, that the trial court committed reversible error by instructing the jury that it must be "reasonably satisfied by substantial evidence" to find for the plaintiff because "the substantial evidence rule has no place in the jury's deliberations and because the charge has a tendency to mislead and confuse the jury"). But, in the original

7

medical-malpractice bill, it was unclear whether the legislature was simply repeating from the general bill the increased standard judges must apply at summary judgment or was going further and making substantial evidence part of the instruction that should go to the jury.  See Gallups v. Crook, 792 F. Supp. 1231, 1233 (N.D. Ala. 1992) (Acker, J.) (finding that the substantial-evidence test in Alabama medical malpractice law went to a legal, procedural standard and therefore applying federal law in its place under diversity principles).

Perhaps in reaction to this confusion, the Alabama Legislature in 1996 clarified what instruction should go to the jury in medical-malpractice cases.  Hayes, 33 F. Supp. 2d at 993.  That clarification states, "In the case of a jury trial, the jury shall be instructed that in order to return a verdict against a health care provider, the jury shall be <u>reasonably satisfied by substantial evidence</u> that the health care provider

8

failed to comply with the standard of care and that such failure probably caused the injury or death in question." 1975 Ala. Code § 6-5-549 (emphasis added).

Even though the Alabama Legislature made clear in this revision what instruction a judge should give in a medical-malpractice case, the meaning of this requirement--that the jury find to its "reasonable satisfaction by substantial evidence"--remains puzzling.  Indeed, the Alabama Supreme Court has found it inaccurate to characterize this standard as a "burden of proof ... up a little from" the "reasonable satisfaction by the evidence" standard in a typical tort case but has refused to address the difference between "reasonable satisfaction by the evidence" and "reasonable satisfaction by substantial evidence." See Edgeworth, 940 So. 2d at 1020-21. Although courts routinely define reasonable satisfaction and substantial evidence separately, the question remains

9

how to make sense of an instruction to the jury that combines these two standards.

Given this background, this court next turns to how it makes sense of the "reasonable satisfaction by substantial evidence" standard and why it gave the instruction it did to the jury.

## II.

To decipher the meaning of "reasonable satisfaction by substantial evidence," it is useful to separate the two parts of this standard--"reasonable satisfaction" and "by substantial evidence."

Reasonable satisfaction is the normal standard in Alabama tort cases. This standard addresses the burden of persuasion and is interchangeable with preponderance of the evidence. See, e.g., Court's Instructions to the Jury, Progressive Specialty Ins. Co. v. Snipe, No. 00-1678 (doc. no. 116) (Thompson, J.) (tacitly equating reasonable satisfaction with preponderance by

10

instructing jury to apply preponderance standard while sitting in diversity on Alabama tort case); Court's Instructions to the Jury at 4, Nisbet v. George, No. 05-570 (doc. no. 92) (Watkins, J.) (same); Court's Instructions to the Jury at 3, Free v. Baker, No. 09-26 (doc. no. 134) (Watkins, J.) (same).  It simply asks the jury whether the plaintiff's case is more likely than not true.

The question, then, is what is the purpose of the additional "substantial evidence" language in the jury instruction of a medical-malpractice case?  As discussed above, the Alabama Supreme Court has not addressed this issue.  See Edgeworth, 940 So. 2d at 1020-21.  The one federal court that has addressed the issue found that the Alabama Legislature intended "substantial evidence" to replace "reasonable satisfaction" as the burden of persuasion and that this burden is actually lower than reasonable satisfaction. Hayes, 33 F. Supp. 2d at 994-95.  However, first, this

11

interpretation impermissibly overlooks, and, thus, ignores, the use of the "reasonable satisfaction" standard in the statute, 1975 Ala. Code § 6-5-549 ("the jury shall be <u>reasonably satisfied</u> by substantial evidence...) (emphasis added). <u>See</u> <u>Custer v. Homeside Lending, Inc.</u>, 858 So. 2d 233, 245 (Ala. 2003) ("A statute must be considered as a whole and every word in it made effective if possible."); <u>Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.</u>, 131 S. Ct. 2188, 2196 (2011) (noting the United States Supreme Court's "general reluctance to treat statutory terms as surplusage" (internal quotation marks omitted)).  Second, it undermines the clear purpose of the legislature for juries to put additional scrutiny on medical-malpractice claims. <u>See</u> <u>Hayes</u>, 33 F. Supp. 2d at 993-94 (noting the irony that, under its reasoning, it "would be easier for a plaintiff to recover damages for medical malpractice").

Instead, the phrase "by substantial evidence" appears to present a threshold question to the jury of whether the quality or "character," 1975 Ala. Code § 6-5-542(5), of the evidence is good enough to "convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." Id. This distinction is likely why the Alabama Supreme Court stated it was error for the burden of persuasion in medical-malpractice standard to be characterized as requiring more than the typical tort case--that is, the substantial evidence requirement does not change the weighing of the evidence under the reasonable satisfaction standard but rather goes to the additional, or threshold, question of the "character" of the evidence.

To be sure, there is an open question of how this distinction resonates with juries. The question of the character of evidence required is inherently interrelated with weighing that evidence, especially

13

when a jury, unlike a judge at summary judgment, does not have a thumb on the scale in favor of one party in making inferences from the evidence. Nevertheless, it is certainly within the Alabama Legislature's prerogative to require a jury instruction whose elements are interrelated. Edgeworth, 940 So. 2d at 1021.

As Chief Justice Roberts has explained, "In a democracy, the power to make the law rests with those chosen by the people. Our role is more confined--'to say what the law is.' Marbury v. Madison, 1 Cranch 137, 177, 2 L.Ed. 60 (1803). That is easier in some cases than in others. But in every case we must respect the role of the Legislature, and take care not to undo what it has done." King v. Burwell, 135 S. Ct. 2480, 2496 (2015).

Here, in its directive that a plaintiff must prove her case to the jury's "reasonable satisfaction by substantial evidence," the Alabama Legislature has been

14

clear that the jury must be instructed on two points. Therefore, first, this court used the "reasonable satisfaction" standard, although, consistent with other courts in this district, it defined that standard to be the same as preponderance of the evidence; and, second, the court used the definition of "substantial evidence" required by the medical-malpractice bill, which focuses the jury on the character of the evidence.  Cf. 1 Ala. Pattern Jury Instr. Civ. 25.05 (3d ed.).

    DONE, this the 22nd day of July, 2015.

                                  /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**